**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAINCA BROWN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHICAGO HOTEL COLLECTION, LLC,<br><br>Defendant. | NO. 1:25-CV-07810<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Dainca Brown brings this proposed class action on behalf of individuals who paid an online deposit to stay at a Chicago Hotel Collection property and were billed undisclosed fees when they arrived. R. 22, Am. Compl. ¶ 59.[1] She alleges that this hidden-fees practice violates the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and constitutes unjust enrichment. *Id.* ¶¶ 67–80.[2] The Chicago Hotel Collection, LLC moves to dismiss under Civil Rules 12(b)(1)

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has subject matter jurisdiction over this case under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Specifically, there is minimal diversity of citizenship between at least one class member and the defendant because Brown is a Minnesota citizen and The Chicago Hotel Collection, LLC is an Illinois limited liability company with its principal place of business in Illinois. Am. Compl. ¶ 18; R. 23, 09/05/2025 Status Rep. at 2; *see* 28 U.S.C. § 1332(d)(10) (for CAFA, changing the usual LLC-citizenship rule by directing that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). And Brown plausibly alleges that there are more than 100 class members and that the amount in controversy exceeds $5 million. *See* Am. Compl. ¶¶ 15, 62.

and 12(b)(6), arguing that it is not the proper defendant because it does not own or operate the hotel where Brown stayed. R. 36, Def.'s Mot. Because this is not a jurisdictional issue, and Brown plausibly pleads that the Collection is responsible for the hotel's alleged hidden-fees practice, the motion is denied.

## I. Background

In June 2025, Brown booked a one-night stay at the Chicago Hotel Collection Magnificent Mile Hotel & Suites using a third-party website, Algotels. Am. Compl. ¶¶ 26–27. The booking stated that she would owe $128.63 total, and she paid a non-refundable deposit of $62 to reserve the room. *Id.* ¶ 28. But when Brown arrived at the hotel, she was informed that Algotels "had posted the wrong rate online" and that she would have to pay $201.95 for the room—$73.32 more than she expected. *Id.* ¶¶ 29, 32. Because Brown could not afford the room, she forfeited her deposit and found a last-minute booking elsewhere. *Id.* ¶ 33. Brown now brings a proposed class action on behalf of those who paid an online deposit to stay at one of the Collection's hotels and were billed previously undisclosed fees when they arrived. *Id.* ¶ 59.

## II. Legal Standard

A Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction, *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999), whereas a Rule 12(b)(6) motion tests the sufficiency of the complaint, *Hallinan*, 570 F.3d at 820; *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(1) motion, the plaintiff must establish that the district court has subject

matter jurisdiction. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds*, *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). "If subject matter jurisdiction is not evident on the face of the complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.* But "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) (cleaned up).[3]

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). At the same time, the Supreme Court instructs that "[d]etermining whether a complaint states a plausible

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

claim for relief will … be a context-specific task." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Seventh Circuit has drawn a context-dependent distinction between, for example, relatively straightforward employment discrimination claims versus more complex claims. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan*, 570 F.3d at 820. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## III. Analysis

### A. 12(b)(1) Motion

The Collection first moves to dismiss the Amended Complaint for lack of subject matter jurisdiction because Brown supposedly lacks Article III standing. Def.'s Mot. at 3. "[S]tanding is an essential ingredient of subject-matter jurisdiction." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). But at the pleading stage, Brown need only plausibly allege the elements of standing: "(1) she must have suffered an actual or imminent, concrete and particularized injury-in-fact; (2) there must be a causal connection between her injury and the conduct complained of; and (3) there must be a likelihood that this injury will be redressed by a favorable

decision." *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 620–21 (7th Cir. 2020); *Bazile*, 983 F.3d at 278.

The Collection contends that it does not own or operate the Magnificent Mile hotel where Brown booked her room, and thus Brown fails the second standing element because the Collection did not cause her alleged injury. Def.'s Mot. at 3. To support its contention, the Collection offers an affidavit from its manager, Michael Ward, who states under oath that the limited-liability company does not own, operate, or otherwise have any business relationship with the hotel. R. 36-1, Ward Aff. ¶¶ 1–6. The Collection also cites public records that show another company—166 Superior Hotel, LLC—owns the property and holds a license to sell liquor at the hotel. R. 40, Def.'s Suppl. at 3–4. In response, Brown offers a set of records suggesting that the Collection has some substantial connection to the hotel's operations. *See* R. 45, Pl.'s Resp. Br. at 5–9 (describing articles of organization, online sites and reviews, and a union contract that suggest three companies are connected to the hotel: the Collection; 166 Superior Hotel, LLC; and Magnificent Mile Hotel Management, LLC). Brown requests permission to conduct jurisdictional discovery to understand which entities are responsible for the alleged hidden-fees practice at the hotel, and thus should be named as defendants. *Id.* at 11–13.

But the Court need not wade through the parties' evidence or permit jurisdictional discovery because the Collection's argument is not really about subject matter jurisdiction. Instead, its argument goes to the *merits* of Brown's claims: whether Brown has plausibly alleged that the Collection—rather than some other entity—is

responsible for the hidden fees. Usually, defendants raising a causation argument to contest standing contend that the casual chain between the plaintiff's injury and the defendant's alleged conduct is too attenuated. *See Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1025 (7th Cir. 2024). Whereas here, assuming that Brown has adequately alleged that the Collection is responsible for setting the Magnificent Mile hotel's room pricing and failing to advertise hidden fees, her injuries are "fairly traceable" to the Collection's alleged conduct. *California v. Texas*, 593 U.S. 659, 668–69 (2021). So the Collection's argument does not identify a true standing or jurisdictional defect. *See Davis v. Wells Fargo*, 824 F.3d 333, 347–48 (3d Cir. 2016) (describing how standing "is generally not an inquiry into whether the plaintiff has got the right defendant"); *see also AbbVie Inc. v. Alvotech hf.*, 2021 WL 3737733, at *3–4 (N.D. Ill. Aug. 23, 2021) (stating that the argument that the plaintiff named the wrong defendant "is not jurisdictional in nature and is more properly analyzed under Rule 12(b)(6), rather than Rule 12(b)(1)"); *Brown v. Chi. Mun. Emps. Credit Union*, 2014 WL 1613037, at *4 (N.D. Ill. Apr. 16, 2014) (finding that the "plaintiff named the wrong defendant, but that does not mean that the Court lacks jurisdiction over the claim"). Time (and discovery) will tell whether the Collection can be held responsible for the undisclosed fees. But the motion to dismiss under Civil Rule 12(b)(1) is denied.

**B. 12(b)(6) Motion**

The Collection also moves to dismiss under Civil Rule 12(b)(6) for failure to state a claim, contending that Brown fails to allege the Collection's connection to the hotel or involvement in the hidden-fees practice. Def.'s Mot. at 3–4. For a 12(b)(6)

dismissal motion, the Court considers only the plaintiff's allegations and ignores any evidence that the defendant attaches to its motion (outside of narrow exceptions that the Collection does not invoke here). *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

In the Amended Complaint, Brown alleges that the Collection operates a portfolio of boutique hotels across Chicago, and that she reserved a room at the Chicago Hotel Collection Magnificent Mile Hotel & Suites. Am. Compl. ¶¶ 20, 26. These allegations raise a reasonable inference that the Collection operates the Magnificent Mile Hotel because the Collection and the hotel are both Chicago-based and share the same name. *Id.* ¶¶ 20–21, 26. Brown further alleges that the Collection controls the systems used to advertise the hotel's room pricing and to book rooms online through third parties. *Id.* ¶ 37–38. Through that system, Brown says that the Collection conceals mandatory fees until check-in. *Id.* ¶¶ 39, 43–52. These allegations raise a another reasonable inference that the Collection was involved in the hidden-fees practice at the hotel. Contrary to the Collection's argument, Brown need not attach a written contract or booking confirmation that specifically connects the limited-liability company to the hotel. *See* Def.'s Mot. at 3–4; Def.'s Suppl. at 4–5. To survive a Rule 12(b)(6) motion to dismiss, Brown need only plausibly allege that the Collection was involved in the hidden-fees practice that injured her. And she does.

The motion to dismiss under Rule 12(b)(6) is thus denied, and this case will move forward on the merits. The Court acknowledges that the evidence produced by both parties raises some ambiguity about the relationship between the three

companies (The Chicago Hotel Collection, LLC; 166 Superior Hotel, LLC; and Magnificent Mile Hotel Management, LLC) and the Magnificent Mile Hotel. In light of this ambiguity, Brown requests permission to file a second amended complaint naming the other two companies as defendants. Pl.'s Resp. Br. at 13–14. At this stage, without prejudging the merits of Brown's claims, it appears that there is a reasonable basis to name all three companies as defendants. The Court thus grants Brown leave to amend, if she wishes to do so. In the meantime, the parties should begin to engage in prompt discovery, including on the Collection's relationship to the hotel and the other two companies. Based on discovery, the Collection may then opt to seek early permission to move for summary judgment on the ground that it is not a proper defendant.

## IV. Conclusion

The motion to dismiss, R. 36, is denied.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 2, 2026